# IN THE SUPREME COURT OF THE STATE OF NEVADA

WYNN RESORTS, LIMITED,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
ELIZABETH GOFF GONZALEZ,
Respondents,
    and
ELAINE P. WYNN,
Real Party in Interest.

No. 74063

**FILED**

DEC 0 4 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

17-41559

## *ORDER DENYING PETITION FOR WRIT OF MANDAMUS OR PROHIBITION*

This original petition for a writ of mandamus or prohibition challenges an October 10, 2017, district court order denying a motion for a protective order over a former employee's handwritten notes.

Mandamus and prohibition are extraordinary remedies, available only when the petitioner has no "plain, speedy and adequate remedy in the ordinary course of law." NRS 34.170; NRS 34.330; *see also D.R. Horton, Inc. v. Eighth Judicial Dist. Court*, 123 Nev. 468, 474, 168 P.3d 731, 736 (2007). The right to appeal in the future, after a final judgment is ultimately entered, generally constitutes an adequate and speedy legal remedy precluding writ relief. *Id.* "Whether a future appeal is sufficiently adequate and speedy necessarily turns on the underlying proceedings' status, the types of issues raised in the writ petition, and whether a future

appeal will permit this court to meaningfully review the issues presented." *Id.* at 474-75, 168 P.3d at 736.

Having considered the petition, answer, reply, and supporting documents, we are not satisfied that our intervention is warranted at this time. This case has been pending in the district court since 2012, several interlocutory issues of substantial magnitude already have been addressed by this court, *see, e.g., Wynn Resorts, Ltd. v. Eighth Judicial Dist. Court,* 133 Nev., Adv. Op. 52, 399 P.3d 334 (2017); *Okada v. Eighth Judicial Dist. Court,* 131 Nev., Adv. Op. 83, 359 P.3d 1106 (2015), and the underlying proceedings are approaching a set trial date. Moreover, petitioner seeks relief from a discovery order compelling the disclosure of certain notes, but this court rarely entertains writ petitions addressed to discovery issues, generally intervening only when "the resulting prejudice would not only be irreparable, but of a magnitude that could require the imposition of such drastic remedies as dismissal with prejudice or other similar sanctions." *Wardleigh v. Second Judicial Dist. Court,* 111 Nev. 345, 351, 891 P.2d 1180, 1184 (1995). Although petitioner claims that the district court's order allows the disclosure of privileged information and as a result meaningful review on appeal could be compromised, we conclude that the issues presented herein are not of such a magnitude so as to require our extraordinary and rare intervention, given the upcoming trial date. Accordingly, we decline to exercise our discretion to consider this writ petition, *D.R. Horton,* 123 Nev. at 475, 168 P.3d at 737 (recognizing this

court's broad discretion in determining whether to consider a writ petition), and we

ORDER the petition DENIED.[1]

_____Cherry_____, C.J.
Cherry

_____Douglas_____, J.
Douglas

_____Gibbons_____, J.
Gibbons

_____Hardesty_____, J.
Hardesty

_____Stiglich_____, J.
Stiglich

cc:   Hon. Elizabeth Goff Gonzalez, Chief Judge
Pisanelli Bice, PLLC
Brownstein Hyatt Farber Schreck, LLP/Las Vegas
Glaser Weil Fink Jacobs Howard Avchen & Shapiro, LLC/Los Angeles
Lewis Roca Rothgerber Christie LLP/Las Vegas
Sidley Austin LLP/Washington, DC
Greenberg Traurig, LLP/Las Vegas
Lewis Roca Rothgerber Christie LLP/Phoenix
Sidley Austin LLP/Chicago
Jolley Urga Wirth Woodbury & Little
Eighth District Court Clerk

---

[1]In light of this order, we vacate the stay of the district court's October 10 order imposed by this court on November 22, 2017.